**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:11CV108-RLV-DSC**

| | |
|---|---|
| PATRICIA D. STEELE,  )<br>      Plaintiff,  )<br>                                      )<br>vs.                              )<br>                                      )<br>MICHAEL J. ASTRUE,    )<br>Commissioner of Social   )<br>Security Administration,   )<br>      Defendant._____)<br>                                      ) | **MEMORANDUM AND RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #13) and "Memorandum in Support ..." (document #14), both filed January 17, 2012; and Defendant's "Motion for Summary Judgment" (document #15) and "Memorandum in Support..." (document #16) filed March 14, 2012. This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), and these Motions are now ripe for disposition.

Having considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be <u>denied</u>; that Defendant's Motion for Summary Judgment be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

**I. PROCEDURAL HISTORY**

Plaintiff filed her application for disability insurance benefits ("DIB") on June 5, 2008, alleging that she became disabled on June 15, 2004. (Tr. 96-103).[1] Plaintiff's application was denied initially and on reconsideration. A hearing was held on November 5, 2009 (Tr. 32-60, 64-

---

[1] For purposes of DIB, a claimant must prove disability prior to her date last insured. <u>Johnson v. Barnhart</u>, 434 F.3d 650, 655-656 (4th Cir. 2005). Plaintiff's date last insured was December 31, 2009 (Tr. 105).

67).

On June 2, 2010, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff benefits. (Tr.9-22). In his decision, the ALJ found that Plaintiff had not engaged in substantial gainful activity between her alleged onset date and date last insured. The ALJ also found that Plaintiff suffered "obesity, chronic lower-back pain, a schizoaffective/bipolar disorder, an anxiety-related disorder, including panic and post-traumatic stress disorders, a borderline personality disorder, and a poly-substance use disorder" (Tr. 14), which were severe impairments within the meaning of the regulations, but did not meet or equal any listing in 20 C.F.R. Pt. 404, Subpt. P, App. 1. The ALJ found that Plaintiff retained the Residual Functional Capacity ("RFC")[2] to perform unskilled[3] light[4] work that required no public contacts. The ALJ then concluded that Plaintiff could not perform any of her past relevant work. (Tr. 20).

The ALJ relied upon the Medical-Vocational Guidelines and testimony from a vocational expert ("V.E.") to conclude that Plaintiff could have performed other work existing in the national economy through her date last insured. (Tr. 20-22). The ALJ found that Plaintiff was not disabled

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

[3]Unskilled work is defined by regulation as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a).

[4]"Light" work is defined in 20 C.F.R. § 404.1567(b) as follows:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

within the meaning of the Social Security Act (Tr. 21-22).

By notice dated July 15, 2010, the Appeals Council denied Plaintiff's request for further administrative review.

Plaintiff filed the present action on August 5, 2011. She argues that the ALJ's RFC determination is not supported by substantial evidence because he relied in part upon the report of consultative examiner Dr. Carla Duszlak (Tr. 281-287), and his RFC determination is in conflict with a portion of that report. See Plaintiff's "Memorandum in Support ..." at 3-7 (document #14). The parties' cross dispositive Motions are ripe for disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a

3

conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. **DISCUSSION OF CLAIM**

The question before the ALJ was whether Plaintiff became "disabled" as that term of art is defined for Social Security purposes at any time prior her date last insured of December 31, 2009.[5] It is not enough for a claimant to show that she suffered from severe medical conditions or impairments which later became disabling. Her subject medical conditions must have become disabling prior to the date last insured. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971) (no "manifest error in the record of the prior administrative proceedings" where Plaintiff's conditions did not become disabling until after the expiration of his insured status).

---

[5]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

  inability to engage in any substantial gainful activity by reason of any medically determinable
  physical or mental impairment which can be expected to result in death or which has lasted or can
  be expected to last for a continuous period of not less than 12 months . . . .
  Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

The ALJ found that Dr. Duszlak described Plaintiff's condition as "treatable" and opined that her impairments would allow performance of simple, routine, repetitive work with low levels of social interaction (Tr. 19). Plaintiff concedes that Dr. Duszlak made such a finding, (Plaintiff's "Memorandum in Support ..." at 6 (document #14; Tr. 287), and that it is consistent with the ALJ's determination that she could perform unskilled work with no public contacts. Plaintiff's "Memorandum in Support ..." at 6 (document #14). Plaintiff contends that Dr. Duszlak's findings that her condition would likely continue over the next twelve months and cause her to miss work are inconsistent with the ALJ's RFC determination. She argues that the ALJ erred by not resolving this supposed conflict. To the contrary, Dr. Duzlak's opinion did not conflict with the RFC.

Dr. Duszlak stated that Plaintiff's condition would continue over the next twelve months, but that she expected further improvement with treatment (Tr. 286). Dr. Duszlak's opinion regarding Plaintiff's then present condition was that she was capable of performing simple, routine, repetitive work with low levels of social interaction (Tr. 287). Dr. Duszlak further opined that Plaintiff may be capable of working with fewer restrictions following expected improvement after twelve months of treatment. Thus, there was no conflict for the ALJ to resolve. There was also no conflict regarding Dr. Duszlak's statement that Plaintiff may miss work (Tr. 287). That statement is equivocal. There is no indication that Plaintiff would miss work to a degree that would preclude employment. Dr. Duszlak's overall opinion remained that Plaintiff was capable of performing simple, routine, repetitive work with low levels of social interaction (Tr. 287), an opinion entirely consistent with the RFC found by the ALJ.

Although the medical records establish that the Plaintiff experienced symptoms and mental and emotional difficulties to some extent or degree, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist v.

Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976). Moreover, the facts found by the ALJ clearly support the ultimate conclusion that Plaintiff suffered from her combination of impairments, but was not disabled.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994)(citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). This is precisely such a case, as it contains substantial evidence to support the ALJ's treatment of the medical records, Plaintiff's RFC and his ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #13) be **DENIED**; that Defendant's "Motion for Summary Judgment" (document #15) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen (14) days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989). Moreover, failure to file timely objections will also preclude the parties from

raising such objections on appeal. Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties; and to the Honorable Richard L. Voorhees.

**SO RECOMMENDED AND ORDERED**.

Signed: March 19, 2012

David S. Cayer
United States Magistrate Judge