**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00108-RLV-DSC**

| | | |
|---|---|---|
| PATRICIA D. STEELE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment"

(Doc. 13) and "Accompanying Memorandum" (Doc. 14), both filed January 17, 2012, and

Defendant's "Motion for Summary Judgment" (Doc. 15) and "Accompanying Memorandum"

(Doc. 16), both filed March 14, 2012.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and the standing order of designation, the Court

referred the aforesaid motions to United States Magistrate Judge David Cayer for recommended

disposition. In an opinion filed March 19, 2012, the Magistrate Judge recommended that

Defendant's Motion be granted and that the Commissioner's determination be affirmed. (Doc.

17.) On April 5, 2012, Plaintiff filed her "Objections to the Report and Recommendation of the

Magistrate Judge." (Doc. 18.) Plaintiff's objection is deemed to be timely, and the specific

objection raised by Plaintiff is considered de novo.

**I. INTRODUCTION**

Neither party has objected to the Magistrate Judge's statement of the factual and

procedural history of the case; thus, the Court adopts the facts set forth in the Memorandum and

Recommendation (M&R). (Doc. 17.)

## II. STANDARD OF REVIEW

The Federal Magistrate Act provides that a district court shall make a de novo

determination of those portions of a magistrate judge's report or specific proposed findings or

recommendations to which objection is made. 28 U.S.C. § 636(b)(1)(2009); *Camby v. Davis*,

718 F.2d 198, 199–200 (4th Cir. 1983). The Court's review of the Commissioner's final decision

is limited to the following two issues: whether substantial evidence supports the Commissioner's

decision and whether the Commissioner applied the correct legal standards. *See* 42 U.S.C. §

405(g) (2010); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). So long as a reasonable

mind might accept as adequate the evidence in support of the Commissioner's decision, the

Court should not reweigh the evidence or substitute its judgment for that of the Commissioner.

*Hays*, 907 F.2d at 1456 (4th Cir. 1990); *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986)

(citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III. DISCUSSION

In response to the Magistrate Judge's opinion, Plaintiff requests that the Court set aside

the M&R and reverse or remand the Commissioner's decision to deny Plaintiff's application for

Social Security benefits. Plaintiff's request is based upon one objection to the decision of the

Administrative Law Judge (ALJ), which Plaintiff asserts was improperly addressed by the

Magistrate Judge. Plaintiff contends that the Magistrate Judge erred by finding that the ALJ

committed no error by failing to resolve a conflict between the "Mental Residual Functional

Capacity Assessment" (RFC) and the opinion of a consultative psychiatrist, Dr. Duszlak.

Dr. Duszlak opined that Plaintiff's present impairments would allow performance of

simple, routine, repetitive work with low levels of social interaction. (Tr. 19, 287.) Plaintiff

suggests such a finding to be fairly consistent with the ALJ's determination that she could perform "unskilled work with no public contacts." (Doc. 14 at 6.) Furthermore, the ALJ's RFC findings were more restrictive than those of Dr. Duszlak. However, Plaintiff contends that Dr. Duszlak's findings that her condition would likely continue over the next twelve months and potentially cause her to miss work are inconsistent with the ALJ's determination.

Dr. Duszlak stated that Plaintiff's condition would likely continue over the next twelve months but that she hoped for further improvement with treatment. (Tr. 287.) Dr. Duszlak further opined that Plaintiff may miss work due to her condition. (Tr. 287.) However, Dr. Duszlak's overall conclusion of Plaintiff's then-present condition remained that she was capable of performing simple, routine, repetitive work with low levels of social interaction, which Plaintiff agreed was an appropriate characterization of her disabilities. (Tr. 287; Doc. 14 at 6.) Therefore, the aforementioned statements do no create a conflict between the RFC and Dr. Duszlak's medical opinion; that Plaintiff "may" miss work is equivocal and was accounted for in Dr. Duszlak's conclusion.

Although the medical records established that Plaintiff experiences symptoms and mental and emotional difficulties to some extent, the Fourth Circuit has noted that it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." *Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976). "[W]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." *Mickles v. Shalala*, 29 F.3d 918, 923 (4th Cir. 1994). Here, there was substantial evidence to support the ALJ's treatment of the medical records, Plaintiff's RFC, and his ultimate determination that the Plaintiff was not disabled. It is not the Court's role to "reweigh conflicting evidence, make

credibility determinations, or substitute our judgment for that of the ALJ." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 13) be **DENIED**; that Defendant's Motion for Summary Judgment (Doc. 15) be **GRANTED**; and that the Commissioner's determination be **AFFIRMED**.

Signed: August 6, 2012

Richard L. Voorhees
United States District Judge